## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICKY MACIAS,

     Plaintiff,

v.                                                      Civ. No. 25-723 MLG/GBW

DEACON PROPERTY SERVICES,

     Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ORDER TO SHOW CAUSE REGARDING COMPLAINT, ORDER GRANTING MOTION TO FILE ELECTRONICALLY AND ORDER TO SHOW CAUSE REGARDING MOTION TO SEAL

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*doc. 1*), filed July 30, 2025 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 3*), filed July 30, 2025 ("Application"), Plaintiff's Motion to E-file (*doc. 6*), filed July 31, 2025, and Plaintiff's Motion to Seal (*doc. 8*), filed July 31, 2025.

### I.    Order Granting Application to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements

of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.
Thereafter, if the court finds that the allegations of poverty are untrue or
that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz,* 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox,* 305 F.2d
58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*]
was intended for the benefit of those too poor to pay or give security for costs . . . ."
*Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need
not be "absolutely destitute," "an affidavit is sufficient which states that one cannot
because of his poverty pay or give security for the costs and still be able to provide
himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without
Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the
costs of these proceedings and provided the following information: (i) Plaintiff's income
amount expected next month is $0.00; and (ii) Plaintiff has $0.00 in cash and $0.00 in
bank accounts.  The Court finds that Plaintiff is unable to pay the costs of this
proceeding because he signed an affidavit stating he is unable to pay the costs of this
proceeding and he has no income.

## II.    Order to Show Cause Regarding the Complaint

This case arises from a dispute between *pro se* Plaintiff Macias, who rents an
apartment, and Defendant Deacon Property Management ("Deacon").  *See* Complaint at
7.  Macias alleges Deacon unlawfully entered Plaintiff's apartment on May 16, 2025, and

on July 1, 2025, "blocked Plaintiff's access to the tenant portal, preventing Plaintiff from making timely rental payments," served Macias with eviction notices, and "escalated eviction proceedings in retaliation for Plaintiff exercising his rights under ADA and FHA." Complaint at 7. Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") for failure to provide reasonable accommodations and discrimination based on disability, and violations of the Fair Housing Act ("FHA") for retaliation, discriminatory housing practices, and unlawful eviction proceedings. *See* Complaint at 7. Plaintiff seeks injunctive relief "preventing Defendant from continuing eviction proceedings[1] or entering Plaintiff's property unlawfully," and compensatory and punitive damages. Complaint at 8.

The Court has identified the following deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval Cnty. Children Youth and Families Dep't*, 2023 WL 4560223 at *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [or] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

---

[1] State court records indicate Deacon filed an action against Macias for restitution on June 6, 2025, in Albuquerque Metropolitan Court and obtained a judgment in favor of Deacon on June 24, 2025. *See Deacon Property Services LLC v. Ricky Macias*, No. T-4-CV-2025005148. Macias appealed the Metropolitan Court judgment to the Albuquerque District Court. *See Deacon Property Services LLC v. Ricky Macias*, No. D-202-CV-202505720. The appeal in Albuquerque District Court is pending with a merits hearing set for August 14, 2025.

3

It appears the Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 F. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

Plaintiff's vague, conclusory allegations regarding Defendant's alleged failure to provide reasonable accommodation, Defendant's unlawful entry into Plaintiff's apartment, and Defendant's retaliation, without supporting factual allegations, are not

sufficient to state a claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

If Plaintiff agrees with the Court's analysis regarding these deficiencies in the Complaint, rather than show cause, he may file an amended complaint. The amended complaint must identify the specific provisions of the ADA and FHA that Plaintiff alleges Defendant violated and describe how Defendant violated those provisions. *See Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The amended complaint also must comply with the Federal and Local Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

### III.    Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to

show cause or file an amended complaint.  The Court will address service after this

Order to Show Cause is resolved.

### IV.    Order Granting Motion to File Electronically

Plaintiff seeks permission to file documents electronically.  *See* Motion to E-file at

1.  The Court grants Plaintiff permission to file electronically via CM/ECF in this case

only.  *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022)

("approval to electronically file documents within a case must be granted by the

presiding judge for each case in which the *pro se* litigant wishes to file using their

CM/ECF account").  The Court will revoke permission to file electronically if Plaintiff

abuses his electronic filing privilege or fails to comply with the rules and procedures in

the District of New Mexico's Guide for Pro Se Litigants and the District of New

Mexico's CM/ECF Administrative Procedures Manual.   Account registration forms,

procedure manuals, and other information can be obtained at the Court's website at

http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff

permission to participate in CM/ECF; Plaintiff is responsible for registering to become a

participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico

(Revised June 2024).

### V.    Order to Show Cause Regarding Motion to Seal

Plaintiff asks the Court to "seal this case including all prior motions/filings and

future as it contains privacy sensitive information and my safety is at risk."  Motion to

Seal at 1.

> There is a longstanding common-law right of public access to judicial
> records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). This
> right "is fundamental to the democratic state" and preserves "the integrity
> of the law enforcement and judicial processes" by allowing the public to
> see how courts make their decisions. *United States v. Bacon*, 950 F.3d 1286,
> 1297 (10th Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293,
> 315 (D.C. Cir. 1980), and then quoting *United States v. Hickey*, 767 F.2d 705,
> 708 (10th Cir. 1985)). The right of access is not absolute, but the party
> seeking to seal a judicial record must show "some significant interest that
> outweighs" the public interest in access to the records. *Helm v. Kansas*, 656
> F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140,
> 1149 (10th Cir. 2007)). This burden is "heavy," and sealing is appropriate
> only when the interest in confidentiality is "real and substantial." *Id.*; *see*
> 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial
> interest that justifies depriving the public of access to the document");
> *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) ("We will not
> permanently seal any documents unless [the movant] 'overcomes a
> presumption in favor of access to judicial records by articulat[ing] a real
> and substantial interest that justifies depriving the public of access to the
> records that inform our decision-making process.' " (quoting *Sacchi v. IHC
> Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in
> original) (internal quotation marks omitted)).

*McWilliams v. Dinapoli*, 40 F.4th 1118, 1130–31, 1133 (10th Cir. 2022) (noting that a party

may redact sensitive information such as home addresses, phone numbers, date of

birth, and social security number). Plaintiff's vague, conclusory statements that the

filed documents contain privacy sensitive information and that his safety is at risk are

not sufficient to justify sealing this case. *See Elevate Fed. Credit Union v. Elevations Credit

Union*, 67 F.4th 1058, 1085 (10th Cir. 2023) ("Vague and conclusory statements do not

meet [the heavy burden to demonstrate a real and substantial interest that outweighs

the public interest in accessing the documents.]"). The Court orders Plaintiff to show

cause why the Court should not deny Plaintiff's Motion to Seal.  Plaintiff's response to

this Order must contain factual statements specifically identifying the "privacy sensitive

information," explaining why Plaintiff cannot redact sensitive information, and

describing why not sealing this case will put Plaintiff's safety at risk.  The response

must also cite legal authority supporting Plaintiff's Motion to Seal.  *See* D.N.M.LR-

Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal

positions advanced.").

**VI.    Case Management**

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to
> become familiar with and to comply with the *Federal Rules of Civil
> Procedure* and the *Local Rules of the United States District Court for the
> District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico

(October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal

Rules of Civil Procedure are available on the Court's website:

http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil

Procedure interferes with the judicial process and may result in monetary and non-

monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R.

Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court

order, a defendant may move to dismiss the action."); *Gustafson v. Luke*, 696 F. App'x

352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the

defendant file a motion to dismiss, the Rule has long been interpreted to permit courts

to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the

rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204

n.3 (10th Cir. 2003)).

## VII.    Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal

Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)

("*Pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading,
> written motion, or other paper—whether by signing, filing, submitting, or
> later advocating it—an attorney or unrepresented party certifies that to the
> best of the person's knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass,
> cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by
> existing law or by a nonfrivolous argument for extending, modifying, or
> reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable
> opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject

Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See*

Fed. R. Civ. P. 11(c).

      **IT IS ORDERED** that:

(i)      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 3*), filed July 30, 2025, is **GRANTED.**

(ii)     Plaintiff shall, within 21 days of entry of this order: (a) show cause why the Court should not dismiss this case; or (b) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

(iii)     Plaintiff's Motion to E-file (*doc. 6*), filed July 31, 2025, is **GRANTED.**

(iv)     Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not deny Plaintiff's Motion to Seal (*doc. 8*), filed July 31, 2025. Failure to timely show cause may result in denial of Plaintiff's Motion to Seal.

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE